JOSEPH SOMMERMAN, as Administrator, etc., of NATHAN SOMMERMAN, Deceased, Respondent, v. JOSEPH C. SCAL, Appellant.

First Department, March 9, 1917.

Motor vehicles — negligence — trial — erroneous charge — degree of care to be exercised by driver of automobile.

Where the question as to whether an infant who was killed by an automobile was free from contributory negligence is very close and doubtful and probably a finding of freedom from contributory negligence is against the weight of evidence, a judgment for the plaintiff will be reversed where the court charged that in view of the congested condition of the street where the accident occurred it was "the duty of the defendant to use great care and caution in proceeding along that street." The court should have charged that the defendant should have exercised the care and caution which a careful and prudent driver would have exercised under the same circumstances.

Although the error was slight, it is sufficient for a reversal where the preponderance of proof in the plaintiff's favor was very doubtful.

APPEAL by the defendant, Joseph C. Scal, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 29th day of May, 1916, upon the verdict of a jury for $1,000, and also from an order entered in said clerk's office on the 31st day of May, 1916, denying defendant's motion for a new trial made upon the minutes.

*Walter G. Evans,* for the appellant.

*David W. Kahn,* for the respondent.

SCOTT, J.:

The action is for damages for the death of plaintiff's son, a lad of about ten years of age who was killed through a collision with an automobile on Grand street in the city of New York on April 28, 1915. The case upon the evidence was a very close and doubtful one especially as to the lack of care on the part of the deceased. Indeed if he were still living so that he could be heard on his own behalf, or if he had been somewhat older than he was we should say unhesitatingly that the finding that deceased was free from contributory negligence was against the evidence.

At the request of plaintiff's counsel the court charged that "in view of the congested condition of Grand street * * * it was the duty of the defendant to use great care and caution in proceeding along that street." This was an inaccurate characterization of the degree of care incumbent upon the defendant, and was calculated to convey to the minds of the jury the idea that defendant was called upon to use a higher degree of care than the law imposed upon him, which is that he should have used the care and caution which a careful and prudent driver would have exercised under the same circumstances. (*Thies* v. *Thomas,* 77 N. Y. Supp. 276.)

In many cases this error would be insufficient to compel a reversal of the judgment and might well be overlooked, but in the present case the preponderance of the proof in plaintiff's favor was so doubtful that even an error, which in another case might be unimportant, may have influenced the verdict.

The judgment and order should be reversed and a new trial granted, with costs to appellant to abide the event.

CLARKE, P. J., PAGE, DAVIS and SHEARN, JJ., concurred.

Judgment and order reversed, new trial ordered, costs to appellant to abide event.